UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHN PLASSE, III; and JEANNIE LYNNE PLASSE,<br><br>Plaintiffs,<br><br>v.<br><br>LYNLEY FORD, et al.,<br><br>Defendants. | No. 2:17-cv-01136-TLN-EFB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND** |

This matter is before the Court on Plaintiffs Maurice John Plasse, III and Jeannie Lynne Plasse's ("Plaintiffs") Motion for Remand. (ECF No. 10.) Defendant Lynley Ford ("Defendant") opposes the motion. (ECF No. 19.) Plaintiffs filed a Reply. (ECF No. 20.) Having read and carefully considered the briefing filed by both parties, the Court hereby DENIES Plaintiffs' Motion for Remand. (ECF No. 10.)

///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute among tenants in common who jointly own a parcel of real property ("Property") known as Digitale Ranch. (Notice of Removal, ECF No. 1 ¶ 1.) Plaintiffs have an undivided 75 percent interest in the Property and Defendant has an undivided 25 percent interest in the Property. (ECF No. 1 ¶¶ 2, 3.) Plaintiffs allege Defendant leased the entire Property and all of its grazing capacity to one or more third parties, even though she only has a 25 percent interest in the Property. (ECF No. 1 ¶ 6.)

Plaintiffs allege Defendant leased the land in order "to prejudice [P]laintiffs' interest in the Property and their cattle business, to deprive [them] of their peaceful enjoyment in the Property, and . . . to harass [P]laintiffs." (ECF No. 1 ¶ 7.) Plaintiffs allege Defendant has misused the use of the deeded Digitale Easement on Plasse Ranch "by leaving gates open, parking on the access road, blocking corral structures, and being verbally abusive to [P]laintiffs." (ECF No. 1 ¶ 18.) Plaintiffs further allege Defendant has not maintained or repaired the corrals as required by the "Declaration of Understanding Concerning Corral Use." (ECF No. 1 ¶ 24.)

Plaintiffs brought suit against Defendant in Amador County Superior Court on April 24, 2017. (ECF No. 1 at 6–11.) Plaintiffs allege five causes of action, which include: (1) quiet title to Property free of any lease executed by Defendant; (2) cancellation of lease executed by Defendant; (3) quiet title to Defendant's deeded Digitale Easement on Plasse Ranch; (4) quiet title to the license for Defendant's use of the Plasse Ranch corrals; and (5) cancellation of the aforementioned license executed by Plaintiffs for Defendant's use. (*See* ECF No. 1.)

On May 30, 2017, Defendant removed this action to this Court under 28 U.S.C. § 1441, asserting that Plaintiffs are citizens of California and Defendant is a citizen of New York, and the value of Defendant's interest in the Property is $1.3 million. (ECF No. 1 at 2.) On September 7, 2017, Plaintiffs filed a Motion for Remand. (ECF No. 10.) Plaintiffs contend that the Court does not have subject matter jurisdiction because Plaintiffs replaced Doe defendants with named non-diverse defendants in their First Amended Complaint ("FAC") (ECF No. 7), and no federal question exists. (ECF No. 10 at 2.)

///

## II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (*i.e.*, complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). An individual defendant's citizenship is determined by the state in which he or she is domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995)).

///

///

///

### III. ANALYSIS

Defendant argues that Plaintiffs' complaint filed in state court names Doe defendants, but does not allege their citizenship. (ECF No. 1 at 2.) Thus, Defendant asks that the Doe defendants' citizenship be disregarded to determine jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). (ECF No. 1 at 2.) Defendant also states that the Court should use its discretion to evaluate whether to join the non-diverse Doe defendants under the factors articulated in *IBC Aviation Services, Inc. v. Compañia Mexicana de Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). (ECF No. 19 at 3.) Plaintiffs argue in their motion for remand that the two Doe defendants named in the FAC are residents[1] of California, and thus the Court "lacks subject matter jurisdiction and the action should be remanded." (ECF No. 10 at 2.) Furthermore, Plaintiffs assert that *IBC Aviation* is not on point because it only applies to new parties, which the named Doe defendants are not. (ECF No. 20 at 6.) Plaintiffs maintain that even if *IBC Aviation* were to apply, the inclusion of the named Doe defendants is still proper. (ECF No. 20 at 6.)

#### A. <u>Establishing Fictitious Parties in Federal Court</u>

Plaintiffs state that the Laughtons are not new defendants, but were already named as Doe defendants in this suit. (ECF No. 20 at 6.) There is no provision in the Federal Rules of Civil Procedure or a federal statute that provides for the use of fictitious parties. *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970). The Ninth Circuit has stated that if the allegations of the citizenship of the fictitious parties are "unfounded guesswork," the court's jurisdiction is not established. *Id.* (citing *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 686–687 (9th Cir. 1970)). Here, Plaintiffs concede in their initial complaint that they "are ignorant of and cannot presently ascertain the true identities" of the fictitious parties. (ECF No. 1 at 7.) Any attempt now by Plaintiffs to claim they knew the citizenship of the fictitious parties at the time of filing would be "unfounded guesswork." Thus, the Court's jurisdiction over the Laughtons is not established by naming Doe defendants in their initial complaint.

///

---

[1] Plaintiffs' counsel has misused the proper test to establish subject matter jurisdiction, replacing citizenship with residence. The Court reads Plaintiffs' counsel's use of residence as referring to citizenship.

B. Plaintiffs' Argument on *IBC Aviation*

Plaintiffs argue that *IBC Aviation* is not on point and is used when a plaintiff, post-removal, attempts to join a new defendant to defeat diversity jurisdiction. (ECF No. 20 at 6.) This Court has previously found that *IBC Aviation* applies to evaluate whether to permit or deny joinder of parties. *See Clear Connection Corp v. Comcast Cable Comm. Mgmt.*, No. 2:12-cv-02910-TLN-DAD, 2014 WL 807413, at *2 (E.D. Cal. 2014). In *IBC Aviation*, plaintiff IBC International Services, Inc. ("IBC") filed suit against defendant Mexicana alleging a number of state law claims. *IBC Aviation*, 125 F. Supp. 2d at 1009. Mexicana removed the matter to federal court based on diversity. *Id.* IBC sought leave to file an amended complaint adding a non-diverse defendant, Steven G. Connolly. *Id.* at 1010. The court, after evaluating six factors for joinder, concluded that amendment of the complaint to add the non-diverse defendant was warranted on the grounds that: "Mr. Connolly is more than tangentially related to the Plaintiffs' claims, amendment would conserve judicial resources and reduce the risk of inconsistent results, Plaintiff's request for leave to amend was not unreasonably delayed, the claims against Connolly appear viable, and amendment will not prejudice the parties." *Id.* at 1013. Plaintiffs have presented no evidence that would persuade the Court to change its view on applying *IBC Aviation* in the instant case.

C. Analysis Under *IBC Aviation*

Plaintiffs assert complete diversity does not exist because the named Doe defendants, Jim and Bobbi Laughton ("Laughtons"), are citizens of California. (ECF No. 10 at 2.) Plaintiffs state that joinder is only improper if the "claims against the non-diverse party [were] totally untenable from the beginning." (ECF No. 20 at 7.) Plaintiffs argue that since Jim Laughton conceded that he was a grazing tenant on the Property at the time the initial complaint was filed, they have thus stated a claim against the Laughtons. (ECF No. 20 at 5.) Defendant contends that federal diversity jurisdiction is proper because Plaintiffs will be unable to establish liability against the Laughtons, given that: (1) "there are no other owners of the [Property] or persons who claim an interest in the [Property]," and (2) the lease with the Laughtons was terminated and all of the cattle were removed prior to the filing of the FAC. (ECF No. 1 at 2; ECF No. 19 at 2.)

Defendant argues the Court should use its discretion as provided by 28 U.S.C. § 1447(e) to deny joinder of the additional defendants. (ECF No. 19 at 3.)

28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Newcome v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1988). Factors a district court may look to in determining whether to permit or deny joinder include: (1) whether the joined party is a necessary party under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations precludes an action in state court; (3) whether the party seeking joinder has inexcusably delayed requesting joinder; (4) whether there is any indication the joining party is forum shopping in order to avoid federal jurisdiction; (5) the apparent validity of the claims against the joined defendant; and (6) potential prejudice to plaintiff. *IBC Aviation Services*, 125 F. Supp. 2d at 1011.

*i.    Whether the Joined Party is Necessary Under Rule 19(a)*

As to the first factor, whether the joined party is a necessary party under Rule 19(a), Defendant argues the Laughtons are not needed for an adjudication of claims because they have no interest in the Property. (ECF No. 19 at 3.) Plaintiffs argue the Laughtons are necessary because "the action requests a determination of the nature and scope of the grazing lease at issue along with a tenant's right to use a historic access road and corral structures." (ECF No. 20 at 6.)

A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy . . . by adjusting all the rights involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991). Defendant states that the lease with the Laughtons was terminated in May 2017 and all of the cattle were removed from the Property on June 17, 2017, and thus the Laughtons no longer have an interest in the controversy. (ECF No. 19 at 2.) However, Defendant does not provide the Court with any copies of the Laughtons' lease or any further evidence that all of the cattle have been removed from the Property. Consequently, the Court cannot properly evaluate whether the Laughtons are a necessary party to adjudicate the claims against Defendant. Thus, this factor at best weighs in favor of Plaintiffs.

*ii.     Whether the Statute of Limitations Precludes an Action in State Court*

As to the second factor, whether the statute of limitations precludes an action in state court, Defendant argues that there is no cause of action stated against the Laughtons and thus there is no applicable statute to run. (ECF No. 19 at 3.) Plaintiffs assert that because Rule 19 joinder is appropriate, any statute of limitations issues are "irrelevant." (ECF No. 20 at 6.)

The California State Legislature has not established a statute of limitations for suits to quiet title. *Muktarian v. Barmby*, 63 Cal. 2d 558, 560 (1965). Thus, courts will determine the applicable statute of limitations by looking to the underlying theory of relief. *Id.* This inquiry requires courts to identify the nature of the claim. *Hensler v. City of Glendale*, 8 Cal. 4th 1, 22 (1994). The claims here are for cancellation of instruments. A quiet title action for cancellation of an instrument has a four-year limitations period. *Moss v. Moss*, 20 Cal. 2d 640, 644–645 (1942).

Defendant asserts the Laughtons vacated the Property on June 17, 2017 (ECF No. 19 at 2), and Plaintiffs concede they only learned of the Laughtons' identity after they filed the motion for remand (ECF No. 20 at 3). If Plaintiffs later desire to bring an action against the Laughtons in state court, they would not be time-barred. Furthermore, the California Supreme Court has recognized a general rule that the statute of limitations does not run against individuals in possession of their land. *Muktarian*, 63 Cal. 2d at 560. Defendant does not dispute that Plaintiffs are in possession of the Property, and thus Plaintiffs are not time-barred from bringing a quiet title action in state court against the Laughtons. This factor weighs in favor of Defendant.

*iii.     Whether Party Seeking Joinder Has Inexcusably Delayed*

As to the third factor, whether the party seeking joinder has inexcusably delayed requesting joinder, Defendant asserts that Plaintiffs knew the Laughtons were occupying the Property before the initial complaint was filed, and that they vacated before the FAC was filed. (ECF No. 19 at 4.) Plaintiffs state in their initial complaint that they will seek leave to amend the pleading to substitute new defendants for the Doe defendants once they are able to determine the exact terms of the lease and the parties with whom the lease was made. (ECF No. 1 at 8.)

In evaluating this factor, this Court has previously focused on plaintiffs' explanation for

the length of the delay (instead of focusing solely on length of delay).  *See Clear Connection Corp., LLC*, 2014 WL 807413, at *3 (E.D. Cal. 2014).  Here, Plaintiffs assert that after the motion for remand was filed, Jim Laughton admitted that he had been leasing the Property when the initial complaint was filed.  (ECF No. 20 at 3.)  However, the motion for remand was filed on July 19, 2017, and the FAC naming the Laughtons as defendants was filed prior to the motion for remand on June 26, 2017.  Plaintiffs' assertions are inconsistent and they do not clearly state exactly when the Plaintiffs discovered facts giving rise to the claim against the Laughtons.  Thus, this factor weighs in favor of Defendant.

          *iv. Whether Joining Party is Forum Shopping*

  As to the fourth factor, whether there is any indication the joining party is forum shopping in order to avoid federal jurisdiction, Defendant states that the Laughtons were added for the sole purpose of defeating diversity jurisdiction.  (ECF No. 19 at 4.)  Plaintiffs assert in their reply that the Laughtons were always intended to be named as parties in the initial complaint and "doing so is necessary for a complete determination of all the issues."  (ECF No. 20 at 6.)

  The Ninth Circuit has stated that since this factor is relevant to determine whether joinder is appropriate, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).  In evaluating this factor, "courts have considered whether the plaintiff was 'aware of the removal,'" and whether at the time the plaintiff amended the pleadings to add a non-diverse defendant "the basis for removal was diversity jurisdiction."  *See San Jose Neurospine*, 2016 WL 7242139, at *10 (N.D. Cal. 2016).  Courts "have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint."  *Id.*

  It appears to the Court that Plaintiffs were aware that adding a non-diverse defendant would allow them to file a motion for remand.  Furthermore, Plaintiffs' FAC filed prior to their motion for remand does not contain significant changes to the initial complaint.  The only changes Plaintiffs made were naming the Laughtons as defendants and adding their names to

three claims (ECF No. 7 ¶¶ 4, 5, 8, 11, 12, 23, 28.) The Court infers from the above facts that Plaintiffs held an improper motive when they named the Laughtons in their FAC. Thus, this factor weighs in favor of Defendant.

> v. *Apparent Validity of Claims Against Joined Defendant*

As to the fifth factor, the apparent validity of the claims against the joined defendant, Defendant asserts there is no valid claim because the Laughtons "have no real or substantial interest in the [P]roperty." (ECF No. 19 at 4.) Plaintiffs argue that a valid cause of action has been stated (ECF No. 20 at 6–7.)

When evaluating this factor, courts "'need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *See Meggs v. NBC Universal Media, LLC*, 2017 WL 2974916, at *8 (C.D. Cal. 2017); *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. 2010) (stating that the "existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)").

In the FAC, Plaintiffs do not seek to add any new claims against the Laughtons, but have simply added the Laughtons to their existing claims. (ECF No. 7.) The specific claims against the Laughtons must be evaluated on the merits. As discussed below, the Court finds that Plaintiffs state valid quiet title claims against the Laughtons. Thus, this factor weighs in favor of Plaintiffs.

> a. <u>Quiet Title to Property Free of Any Lease</u>

Plaintiffs allege that the Laughtons' lease was made with "specific intent to prejudice [their] interest in the Property and their cattle business, to deprive [them] of peaceful enjoyment of the Property, and . . . to harass [them]." (ECF No. 7 ¶ 9.)

An action to quiet title is brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020. A complaint to quiet title must be verified and contain the following: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff under which a determination is sought; (3) adverse claims to title of plaintiff against which a determination is sought; (4) date as of which the

determination is sought; and (5) a prayer for determination of the title of plaintiff against adverse claims.  Cal. Civ. Proc. Code § 761.020.

Plaintiffs' FAC contains all of the requisite elements.  First, Plaintiffs attach a legal description of the Property that is the subject of the action.  (ECF No. 7 at 9–11.)  Plaintiffs state that the Property "is located on French Bar Road in Amador County" and "is approximately 537.97 acres, has no residential structures upon it, and is used primarily for cattle grazing."  (ECF No. 7 ¶ 1.)  Second, Plaintiffs allege that they are the collective owners of the Property and possess an undivided 75-percent interest in the Property as tenants in common.  (ECF No. 7 ¶ 2.)  Third, Plaintiffs allege the Property has been leased to the Laughtons, who claim rights in the property as tenants.  (ECF No. 7 ¶ 8.)  Fourth, Plaintiffs filed their FAC with this Court on June 26, 2017.  (ECF No. 7.)  Fifth, Plaintiffs ask for a judgment to quiet title to the Property "free and clear of any grazing lease executed by or in favor of any defendant or any other interest claimed by any defendant that is contrary to or in conflict with [P]laintiffs' interest in the Property."  (ECF No. 7 at 5.)  Thus, Plaintiffs have stated a valid quiet title claim against the Laughtons.

### b. Quiet Title to Digitale Easement on Plasse Ranch

Plaintiffs allege that Defendant has misused her permission to use the Digitale Easement on Plasse Ranch "by leaving gates open, parking on access road, blocking corral structures, and being verbally abusive."  (ECF No. 7 ¶ 21.)  Plaintiffs do not make any specific factual allegations regarding the Laughtons and do not plead any of the elements required for a quiet title claim with respect to the Digitale Easement.  Thus, Plaintiffs cannot state a facially legitimate claim against the Laughtons.  *Taylor*, 2010 WL 1881459, at *3.

### c. Quiet Title to License for Use of Plasse Ranch Corrals

Plaintiffs allege that neither Defendant nor any tenant (which would include the Laughtons) has "made any repairs to or otherwise maintained the corrals as required by Exhibit 4."  (ECF No. 7 ¶ 25.)  Exhibit 4 is the "Declaration of Understanding Concerning Corral Use," which states that the corrals shall remain available for use by the Plasse and Digitale families and any of their lessees "as long as the corral continues to be jointly maintained and is used solely for the purpose of cattle ranching."  (ECF No. 7 at 21.)

Plaintiffs' FAC contains all of the elements required by the California Code of Civil Procedure section 761.020, as articulated above. First, Plaintiffs provide a description of the location of the corrals. (ECF No. 7 ¶ 25.) Second, Plaintiffs state that they own Plasse Ranch, and the corrals in question are located on Plasse Ranch. (ECF No. 7 ¶¶ 17, 25.) Third, Plaintiffs imply, but do not allege, that Defendant has a license to use the corrals, which "is conditioned upon the regular maintenance of said corrals." (ECF No. 7 ¶¶ 26, 28.) Plaintiffs explicitly request to quiet title to any rights to use the corrals by Defendant "or anyone claiming rights through [Defendant], including [the Laughtons]." (ECF No. 7 ¶ 28.) Fourth, Plaintiffs filed their FAC with this Court on June 26, 2017. (ECF No. 7.) Fifth, Plaintiffs ask for a judgment to quiet title to the Plasse Ranch "free and clear of any interest of any defendant." (ECF No. 7 at 5.) Thus, Plaintiffs have stated a valid quiet title claim against the Laughtons.

        *vi. Potential Prejudice to Plaintiff*

As to the sixth factor, the potential prejudice to plaintiff, neither Plaintiffs nor Defendant address this issue. Plaintiffs would not be time-barred from filing a new action against the Laughtons in state court should they wish to do so. This factor is at best, neutral, and at worst, weighs in favor of Defendant.

As four out of the six factors weigh in favor of denying joinder and maintaining federal jurisdiction, the Court exercises its discretion and declines to permit joinder of the Laughtons.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby declines to permit joinder of Jim and Bobbi Laughton in Plaintiffs' FAC and DENIES Plaintiff's Motion for Remand. (ECF No. 10.) The parties shall file a Joint Status Report within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: December 5, 2017

Troy L. Nunley
United States District Judge