UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHN PLASSE, III et al,<br><br>Plaintiffs,<br><br>v.<br><br>LYNLEY FORD; et al.,<br><br>Defendants, | No. 2:17-cv-01136-TLN-EB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR LYNLEY FORD** |

This matter is before the Court on David Diepenbrock and Diepenbrock Elkin Gleason's (collectively, "DEG") motion to withdraw as counsel for Defendant Lynley Ford ("Defendant"). (ECF No. 38.) Attorney of record for Defendant, David A. Dieprenbrock ("Diepenbrock"), submitted a supplemental declaration in support of DEG's motion to withdraw as counsel. (ECF No. 40.) No oppositions to this motion have been filed.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying Complaint against Defendant was filed on April 24, 2017, and removed to this Court on May 30, 2017. (ECF No. 1 ¶1.) Defendant engaged DEG to represent her in this case in May 2018, and the parties subsequently entered into a fee agreement. (ECF No. 38 at 3.) Shortly after, Defendant retained a consulting expert through DEG, and under the agreement with that expert, Defendant was solely responsible for payment of the expert's fees. (ECF No. 38 at 3.) DEG alleges Defendant has refused to pay a $1,500 balance owed to the expert. (ECF No. 28 at 4.)

When Defendant initially engaged DEG, the matter was stayed pending the parties' completion of a Voluntary Dispute Resolution Program session, which was ultimately held on October 10, 2018. (ECF No. 38 at 4.) DEG alleges that after the session, the already strained attorney-client relationship "completely broke down." (ECF No. 38 at 4.)

On October 29, 2018, DEG sent Defendant a letter by certified mail stating DEG's intent to withdraw from its representation of Defendant. (ECF No. 38 at 4; ECF No. 38-2 at 2–3.) The letter advised Defendant to seek new counsel immediately, and if new counsel was not in place by November 15, 2018, DEG would file a motion to withdraw as counsel. (ECF No. 38-2 at 2–3.)

On November 5, 2018, Defendant sent an email to Diepenbrock stating, "Please do not do any work on my behalf unless I specifically request it until my new attorney is in place which is imminent." (ECF No. 38-3 at 2.) Defendant directed an individual named Larry Hawk to retrieve her files from DEG's office on November 6, 2018. (ECF No. 38 at 4.) DEG alleges Defendant's conduct since September 10, 2018, has breached DEG's fee arrangement. (ECF No. 38 at 4.)

DEG filed this motion on December 21, 2018. (ECF No. 38.) As of the filing of this motion, Defendant had not identified or appointed new counsel. Defendant has not formally objected to the termination of the attorney-client relationship, and she has not filed an opposition to this motion. No trial date has been set in this case.

## II. STANDARD OF LAW

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal.

L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to withdraw, including where "[t]he client knowingly and freely assents to termination of the employment," Cal. R. Prof. Conduct 3-700(C)(5), and where client's conduct has "rendered[ed] it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See e.g.*, *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

### III.   ANALYSIS

DEG asks the Court to grant its request to withdraw as counsel due to a strained attorney-client relationship and the desires of both parties. (ECF No. 38 at 3.) DEG expresses serious concern over its ability to represent Defendant through trial in this case. (ECF No. 38 at 3.) Accordingly, good cause is shown for DEG to withdraw as counsel.

The Court next must determine whether there is risk of prejudice to Defendant if the motion is granted. DEG provided Defendant with notice of its intent to withdraw as counsel. (ECF No. 38-2 at 2–3.) Defendant has also indicated in writing her intent to terminate her attorney-client relationship with DEG and hire a new attorney. (ECF No. 38-3 at 2.) Defendant has also taken possession of the case files from DEG's possession. (ECF No. 38 at 4.) Counsel

has provided complete contact information to Defendant and served advance written notice to Defendant. (ECF No. 38-2 at 2–3.) Defendant has not filed any written objection to this motion. The Court finds the risk of prejudice to Defendant is minimal.

Accordingly, good cause is shown and DEG's motion to withdraw as counsel for Defendant is GRANTED.

**IV.   CONCLUSION**

For the reasons set forth above, DEG's motion to withdraw as counsel is (ECF No. 38) is GRANTED.

Dated: September 3, 2019

Troy L. Nunley
United States District Judge