UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHN PLASSE, III and JEANNIE LYNN PLASSE, <br><br> Plaintiffs, <br><br> v. <br><br> LYNLEY FORD and DOES 3 through 50, inclusive, <br><br> Defendants, | No. 2:17-cv-01136-TLN-JDP <br><br><br> **ORDER** |

This matter is before the Court on Plaintiffs Maurice John Plasse, III ("John Plasse")[1] and Jeannie Lynn Plasse's ("Jeannie Plasse") (collectively, "Plaintiffs") Motion to Sever Claims and Dismiss the First and Second Causes of Action. (ECF No. 47.) Defendant Lynley Ford ("Defendant") opposes the motion. (ECF No. 58.) Plaintiffs filed a reply. (ECF No. 60.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

///

///

///

---

[1]  Plaintiffs refer to Mr. Plasse by his middle name. (ECF No. 7 at 3.)

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit in Amador County Superior Court on April 24, 2017.  (ECF No. 1 at 5.)  Defendant removed the action to this Court on May 30, 2017.  (ECF No. 1.)  Plaintiffs filed the operative First Amended Complaint ("FAC") on June 26, 2017.  (ECF No. 7.)  Plaintiffs seek to quiet title to real property in Amador County known as the Plasse and Digitale Ranches.  (*Id.*)  As to the Digitale Ranch, Plaintiffs allege Defendant leased 100% of the property to Jim and Bobbi Laughton while only holding a 25% interest in the property as a tenant in common with Plaintiffs, who own a 75% interest.  (*Id.* at 2–3.)  Plaintiffs seek to quiet title to the Digitale Ranch and cancel any existing lease agreement between Defendant and the Laughtons.  (*Id.* at 3.)  As to the Plasse Ranch, owned in part by John Plasse, Plaintiffs allege Defendant asserts a prescriptive right to use the Plasse Ranch for access to the Digitale Ranch and to use corrals located on the Plasse Ranch.  (*Id.* at 4–5.)  Plaintiffs seek to quiet title in the Plasse Ranch against Defendant's allegedly inferior interests and to cancel a 1998 agreement between the then-owners of the Plasse Ranch and the Digitale Ranch, which granted an access easement across the Plasse Ranch to the then-owners of the Digitale Ranch.  (*Id.* at 4.)

On July 17, 2017, Defendant filed an answer and counterclaim to partition the Digitale Ranch among Plaintiffs and Defendant.  (ECF No. 9.)  On September 3, 2020, Plaintiffs filed the instant motion to (1) dismiss the first and second causes of action and (2) sever their remaining claims from Defendant's counterclaim.  (ECF No. 47.)  The Court will address each in turn.

### II.    ANALYSIS

#### A.    Motion to Dismiss First and Second Causes of Action

##### i.    *Standard of Law*

Federal Rule of Civil Procedure ("Rule") 41(a)(2) permits a plaintiff to seek voluntary dismissal of an action by court order.  Fed. R. Civ. P. 41(a)(2).  The Plaintiff may seek to dismiss some or all of its claims under Rule 41.  *Wilson v. City of San Jose*, 111 F. 3d 688, 692 (9th Cir. 1997) (citing *Concha v. London*, 62 F. 3d 1493, 1506 (9th Cir. 1995)).  "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [court]."  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F. 2d 143,

1 | 145 (9th Cir. 1982). "A district court should grant a motion for voluntary dismissal under Rule

2 | 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."

3 | *Smith v. Lenches*, 263 F. 3d 972, 975 (9th Cir. 2001).  The dismissal is ordinarily without

4 | prejudice.  *Concha*, 62 F. 3d at 1506.  "Such a dismissal leaves the parties as though no action

5 | had been brought."  *Id.*

6 |       ii. *Analysis*

7 |   Plaintiffs argue their first and second causes of action should be dismissed as moot

8 | because Defendant and Jim Laughton have disclaimed the leasehold interest in the Digitale

9 | Ranch, which formed the basis of those claims.  (ECF No. 47 at 3 n.1.)  Defendant does not

10 | oppose dismissal of Plaintiffs' first and second causes of action, though Defendant contends the

11 | claims should be dismissed with prejudice.  (ECF No. 58 at 8.)

12 |   Because Defendant and Jim Laughton have disclaimed any leasehold interest in the

13 | Digitale Ranch, no controversy now exists over the leasehold interest in the Digitale Ranch.

14 | Therefore, the first and second causes of action are moot.  *See RGC Gaslamp, LLC v. Ehmcke*

15 | *Sheet Metal Co., Inc.*, 56 Cal. App. 5th 413, 433 (2020), *review denied* (Feb. 10, 2021) (finding

16 | "cause of action for quiet title was moot" because "there was no longer an 'active controversy'").

17 |   Furthermore, the Court finds no evidence of prejudice against Defendant.  Defendant

18 | agrees Plaintiffs' claims should be dismissed as moot but contends the claims should be

19 | dismissed with prejudice.  (ECF No. 58 at 8.)  Defendant's desire for the peace of mind of

20 | knowing that Plaintiffs cannot file another lawsuit on the same grounds is insufficient to

21 | overcome the ordinary practice of granting voluntary dismissals without prejudice.  *See Hamilton*,

22 | 679 F. 2d at 145 ("[I]t is clear that the mere inconvenience of defending another lawsuit does not

23 | constitute plain legal prejudice.").

24 |   Accordingly, the Court DISMISSES Claims One and Two without prejudice.

25 |   B. <u>Motion to Sever</u>

26 |       i. *Standard of Law*

27 |   Rule 21 permits a court to "sever any claim against a party."  Fed. R. Civ. P. 21.  A court

28 | has broad discretion in determining whether to sever claims under Rule 21.  *Brunet v. United Gas*

1  *Pipeline Co.*, 15 F. 3d 500, 505 (5th Cir. 1994).  "There is no established test in the Ninth Circuit
2  for when a district court should exercise its broad discretion to sever a claim under Rule 21."
3  *Arcure v. Cal. Dep't of Develop. Servs.*, No. 1:13-cv-00541-LJO-BAM, 2014 WL 346612, at *6
4  (E.D. Cal. Jan. 30, 2014).  "Claims may be severable under Rule 21 if they arise from different
5  factual situations or pose different legal questions."  *Khanna v. State Bar of Cal.*, No. C-07-2587
6  EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007).  Claims may also be severed "if it will
7  serve the ends of justice and further the prompt and efficient disposition of litigation."  *Id.*
8  (citation omitted).  "Fairness is a critical consideration in determining whether severance is
9  appropriate," and therefore it must be determined whether any party would suffer prejudice.
10 *Pena v. McArthur*, 889 F. Supp. 403, 407 (E.D. Cal. 1994) (citation omitted).

11     In determining whether to sever a claim, a court may consider the following: "(1) whether
12 the claims arise out of the same transaction or occurrence; (2) whether the claims present some
13 common questions of law or fact; (3) whether settlement of the claims or judicial economy would
14 be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether
15 different witnesses and documentary proof are required for the separate claims."  *SEC v. Leslie*,
16 No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citation omitted).

17                     ii.    Analysis
18                         a.    Same Transaction or Occurrence

19     Plaintiffs assert the remaining claims in the FAC and Defendant's counterclaim do not
20 arise from the same transaction or occurrence.  (ECF No. 47 at 5.)  The remaining claims in the
21 FAC seek to quiet title to nonpossessory interests in the Plasse Ranch appurtenant to the Digitale
22 Ranch or claimed by Defendant, a cotenant of the Digitale Ranch.  (ECF No. 7 at 3–5.)  These
23 adverse interests are therefore related to the Digitale Ranch, which is the subject of Defendant's
24 partition counterclaim.  As such, the remaining claims in the FAC and Defendant's counterclaim
25 arise from the same transaction or occurrence because they share similar factual backgrounds.  *Cf.*
26 *Coughlin v. Rogers*, 130 F. 3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement,
27 refers to similarity in the factual background of a claim.").
28     The first factor weighs in favor of denying severance.

### b. Common Questions of Law and Fact

Defendant's partition counterclaim implicates the nonpossessory interests Defendant allegedly claims in the Plasse Ranch. California law requires the rights of all parties in the subject property be determined before the partition of said property. *Summers v. Superior Court*, 24 Cal. App. 5th 138, 142–43 (2018) (discussing the sequence established by Cal. Code Civ. P. § 872.720(a)); *Demetris v. Demetris*, 125 Cal. App. 2d 440, 444–45 (1954) ("In a suit for partition it is a general rule that all equities and conflicting claims existing between the parties and arising out of their relation to the property to be partitioned may be adjusted.") (internal quotations and citations omitted). This includes nonpossessory interests in or appurtenant to the property to be partitioned. *See* Cal. Civ. Code § 807 (providing for the partitioning of servitudes). Not only do the remaining claims and counterclaim involve overlapping legal questions, but they also involve the same parties and the same properties. *See Hernandez v. San Jose*, No. 16-cv-03957-LHK, 2017 WL 2081236, at *9 (N.D. Cal. May 15, 2017). Therefore, Plaintiffs' remaining claims in the FAC and Defendant's counterclaim share common questions of law and fact.

The second factor weighs in favor of denying severance.

### c. Facilitation of Settlement or Judicial Economy

Plaintiffs contend what is most important to them "is that this action be scheduled for trial in some manner so that the subject property may be partitioned in kind as soon as possible." (ECF No. 60 at 3.) Severing the remaining FAC claims and the counterclaim will not serve this goal. Trying the intertwined partition and quiet title actions together would avoid the delay inherent in Plaintiffs' request to sever and stay the counterclaim.

The third factor weighs in favor of denying severance.

### d. Prejudice

The crux of Plaintiffs' argument is that their complaint must be adjudicated first, and in a separate action, "so that the condition and appurtenant rights of the Digitale Ranch are fully and completely known prior to its partition" else "the total value of the Digitale [Ranch] might be suppressed in a third-party sale or would otherwise not be completely known if the [Ranch] were to be partitioned in kind." (ECF No. 47 at 4, 7.) However, as stated above, California law

1 requires the adjudication of all rights in the subject property before court-ordered partition, whether in kind or by sale. *Summers*, 24 Cal. App. 5th at 142–43; *Bacon v. Wahrhaftig*, 97 Cal. App. 599, 603 (1950) ("No partition can be had until the interests of all the parties have been ascertained and settled by a trial.") (citation omitted). Thus, California law ensures the parties will not suffer prejudice if the FAC claims and counterclaim remain joined.[2]

The fourth factor weighs in favor of denying severance.

### e. Similarity Between Witnesses and Documentary Proof

Because the partition action requires the interests appurtenant to the Digitale Ranch to be determined before partition, the parties will likely rely on the same witnesses and documentary proof as in Plaintiffs' quiet title action concerning those interests. Even if additional witnesses are necessary to value the property before sale or division, the substantial overlap weighs in favor of denying severance. *See Hernandez*, 2017 WL 2081236, at *11 (granting severance when the claims relied on "*entirely* different witnesses and documentary proof") (emphasis added).

In sum, because none of the factors weigh in Plaintiffs' favor, the Court DENIES Plaintiffs' motion for severance.[3]

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Plaintiffs' motion. (ECF No. 47.) Plaintiffs' first and second causes of action are DISMISSED without prejudice. Plaintiffs' motion is DENIED in all other respects. The parties shall file a joint status report proposing dates and deadlines moving forward within thirty days of this Order.

///

///

---

[2] Curiously, Plaintiffs object to the sequencing required by California law, claiming it is procedural and therefore should not be followed in federal court. (ECF No. 60 at 2.) Such an objection seems to be at odds with Plaintiffs' interests in that California law prevents the prejudice Plaintiffs fear. Moreover, Plaintiffs have not persuaded the Court in the instant motion that there is a better alternative to applying California law in this property dispute.

[3] The Court need not and does not determine whether a stay of the counterclaim in a separate action is appropriate as severance will not be granted.

IT IS SO ORDERED.

Dated: August 31, 2021

Troy L. Nunley
United States District Judge