UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHN PLASSE, III, et al., | No. 2:17-cv-01136-DJC-JDP |
| Plaintiffs, | |
| v. | ORDER |
| LYNLEY FORD, | |
| Defendant. | |

At issue before this Court is whether to partition property held by the Parties as tenants in common, and, if so, to partition the property by sale or in kind. The Parties agree the property may be partitioned but vigorously dispute the manner of partition, with Plaintiffs favoring partition in kind, and Defendant favoring partition by sale.

Having reviewed the Parties' briefings, the Court finds that partition is appropriate, and will order the property partitioned in accordance with the Parties' respective interests. The Court will also order the property be partitioned in kind. Under California law, there is a presumption in favor of partitioning in kind unless physical division of the property is not feasible or would prejudice the owners. While Defendant has raised numerous objections to partition in kind, most of those objections concern the manner in which Plaintiff has proposed partition. Defendant has not, however, demonstrated that partition generally is impracticable, nor shown it would be inequitable.

Thus, the Court will enter an interlocutory judgment that the property be partitioned in kind and will appoint a referee to effectuate the Court's order.

## BACKGROUND

Plaintiffs Maurice John Plasse, III and Jeannie Lynn Plasse filed this action on April 24, 2017, in the Amador County Superior Court. (ECF No. 1.) Defendant Lynley Ford removed the action to federal court on May 30, 2017, and Plaintiffs filed their operative First Amended Complaint on June 26, 2017, seeking to quiet title to real property commonly known as the Digitale Ranch located on French Bar Road in Amador County, CA, with Assessor's Parcel Number 044-310-023-000 ("Property"). (ECF Nos. 1, 7.) The Property is approximately 537.97 acres and is divided into five legal parcels with Assessor's Parcel Numbers 044-310-031-000, 044-310-032-000, 044-310-033-000, 044-031-034-000, and 044-310-035-000. (Plaintiffs' Statement of Undisputed Facts ("Pls.' SUF") (ECF No. 74) ¶¶ 2–3; Ashworth Report (ECF No. 64), Ex. 1 at 1.) The Property is co-owned by Plaintiffs and Defendant, with Plaintiffs owning an undivided 75% interest as tenants in common, and Defendant owning an undivided 25% interest as a tenant in common. (*Id.* ¶¶ 4–5.)

Defendant answered Plaintiffs' First Amended Complaint on July 17, 2017, and brought a counterclaim seeking partition of the Property by sale or in kind. (ECF No. 9.) On December 19, 2022, Plaintiffs filed a Motion for Partial Summary Judgment seeking an order or interlocutory judgment ordering partition of the Property in kind. (Mot. Summ. J. ("MSJ") (ECF No. 65).) Defendant counter-moved for partition by sale. (Opp'n MSJ & Counter-Mot. Interlocutory J. Sale ("Opp'n") (ECF No. 69).) The matter is fully briefed and was submitted without oral argument pursuant to Eastern District of California Local Rule 230(g). (ECF No. 81.)

On July 26, 2024, Defendant's counsel filed a Motion to Withdraw as Attorney. (ECF No. 86.) That motion was also submitted without oral argument. (ECF No. 90.)

////

////

**LEGAL STANDARD**

Summary judgment may be granted when the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In a summary judgment motion, the moving party must inform the court of the basis for the motion and identify the portion of the record which they believe demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the burden then shifts to the opposing party, who must establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Summary judgment is appropriate where the nonmoving party fails to "set forth specific facts showing that there remains a genuine issue for trial" and evidence "significantly probative as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (internal quotation marks omitted). If the evidence presented by the nonmoving party is "merely colorable, . . . or is not sufficiently probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

**DISCUSSION**

**I.     The Parties are Entitled to Partition**

In California, a co-owner of real or personal property may bring an action for partition of that property. Cal. Code Civ. P. § 872.210. With the exception of partnership property, partition as to concurrent interests in property shall be as of right unless barred by a valid waiver, which may be either express or implied. *Id.*

3

§ 872.710; *Am. Med. Int'l, Inc. v. Feller*, 59 Cal. App. 3d 1008, 1014 (1976).  Here, it is undisputed that Plaintiffs own a 75% interest in the Property, and Defendant owns a 25% interest in the Property.  (Pls.' SUF ¶¶ 4-5.)  It is also undisputed that the Parties have not waived their right to partition.  (*Id.* ¶ 6.)

Thus, the Court finds that partition is appropriate, and will grant the Parties' request to partition the Property.

## II.     The Court Will Order the Property Partitioned in Kind

If a court finds partition is warranted, "it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition."  Code Civ. P. § 872.720.  To the extent necessary to grant the relief sought or other appropriate relief, the court shall upon adequate proof ascertain the state of the title to the property and determine the status and priority of all liens upon the property. *Id.* §§ 872.620, 872.630.

"The manner of partition may be 'in kind'—i.e. physical division of the property—according to the parties' interests as determined in the interlocutory judgment." *Cummings v. Dessel*, 13 Cal. App. 5th 589, 597 (2017) (internal citation omitted); *see also* Code Civ. P. § 872.810.  "Alternatively, if the parties agree or the court concludes it 'would be more equitable,' the court may order the property sold and the proceeds divided among the parties." *Cummings*, 13 Cal. App. 5th at 597 (quoting Code. Civ. P. § 872.820).  "The third option, 'when the interests of all parties are undisputed or have been adjudicated,' and the parties agree, is partition by appraisal." *Id.* (quoting Code. Civ. P. § 873.910).

"As a rule, the law favors partition in kind, since this does not disturb the existing form of inheritance or compel a person to sell his property against his will." *Richmond v. Dofflemyer*, 105 Cal. App. 3d 745, 757 (1980).  "Forced sales are strongly disfavored," and the "burden of proof is on one endeavoring to force a sale as against unwilling co-owners to prove that the case is not a proper one for partition in kind."

4

*Id.* "The presumption is that land held in common tenancy can be equitably divided between the parties by allowing each a tract in severalty, equal to his interest in the whole, measured by value." *Id.* "A sale cannot be decreed in partition merely to advance the interests of one of the owners; before ordering a sale, the court must ascertain that the interests of all will thereby be promoted." *Butte Creek Island Ranch v. Crim*, 136 Cal. App. 3d 360, 368 (1982). However, "in many modern transactions, sale of the property is preferable to physical division since the value of the divided parcels frequently will not equal the value of the whole parcel before division. Moreover, physical division may be impossible due to zoning restrictions or may be highly impractical . . . ." *Id.* at 365.

There are two types of evidence sufficient to justify a partition sale of property rather than physical division. "The first is evidence that the property is so situated that a division into subparcels of equal value cannot be made." *Id.* at 364. "In order to meet this test the party desiring a partition sale must show that the land cannot be divided." *Id.* The second is evidence that, "due to the particular situation of the land, the division of the land would substantially diminish the value of each party's interest." *Id.* at 367. "The generally accepted test in this regard is whether a partition in kind would result in a cotenant receiving a portion of the land which would be worth materially less than the share of the money which could be obtained through sale of the land as a whole." *Id.*

Plaintiffs argue partition in kind is proper as there is no indication that physical partition of the land is either infeasible or inequitable. (MSJ at 5; Reply MSJ (ECF No. 76) at 3.) First, Plaintiffs argue that the Property is composed of five legal parcels, which will make subdivision of the Property easier as "[e]xisting legal parcels may be adjusted in size to accommodate a partition of the subject property," a ministerial process "exempt from the California Subdivision Map Act." (Pls.' SUF ¶¶ 2–3, 8; MSJ at 3 (citing Cal. Gov. Code § 66412(d)).) Further, Plaintiffs argue the Property is primarily undeveloped grazing land with no structures or features which make the land

particularly difficult or inequitable to divide. (MSJ at 4–5.) Finally, Plaintiffs proffer the report of their expert, Philip Ashworth, who values the Property at $1.5 million, and opines equitable subdivision is possible as even just 40 acres, or about 7.5% of the Property, could be worth 25%, or $375,000, of the Property's total value. (*Id.* at 5; Ashworth Report, Exs. 1–2.)

In response, Defendant argues that partition in kind is preluded because the entire Property is encumbered by a lien. (Opp'n at 14–16.) In particular, she submits evidence that, in 2016, Plaintiffs purchased a 50% interest in the Property and executed a promissory note to pay the seller $411,000 for that share. (*Id.* at Exs. 5–6.) As part of that agreement, Plaintiffs secured the promissory note with a deed of trust assigning their purchased 50% interest in the Property to a trustee, Western Land Title Company, Inc., for sale in the event Plaintiffs did not make their payments. (*Id.*)

While Plaintiffs should have disclosed this lien in their moving papers, the Court does not find that this encumbrance clearly prevents partition in kind. As courts have explained, a cotenant's right to partition "exists even where the property is subject to liens," and "whoever takes an encumbrance upon the undivided interest of a co-tenant must take it subject to the right of the others to have such a partition." *See Lee v. National Collection Agency, Inc.*, 543 F. Supp. 920, 922 (N.D. Cal. 1982). Here, Plaintiffs argue that the deed of trust given to secure their purchase only encumbers their interest in the Property and does not impact the partition of said Property because the "lien stays with the Plasses' interest in the property." (Reply MSJ at 7–8.) That is correct. Under California law, "[w]here a lien is on an undivided interest of a party, the lien shall, upon division of the property, become a charge only on the share allotted to that party." Code Civ. Proc. § 873.260. Here, the lien only encumbers a 50% interest in the Property. Given that Plaintiffs own a 75% interest in the Property, the Court may divide the Property with the understanding the lien will encumber only Plaintiffs' portion of the Property when the partition is completed.

////

Defendant also argues that partition in kind would be inequitable because there are features of the Property which cannot be split equally among the Parties, including a solar-powered well pump, water storage tanks, fences, an old mine, and 360-degree views on two parcels. (Opp'n at 11–14; Ford. Decl. (ECF No. 69) ¶¶ 5–6; Harding Decl. (ECF No. 69) ¶ 6.) Defendant further disputes Ashworth's valuation of the Property at $1.5 million, and his opinion that Defendant could receive just 40 acres of the Property in return for her 25% interest, arguing Ashworth lacks necessary credentials to offer those opinions and relies on faulty methodology. (Opp'n at 6–10.)

However, these objections do not implicate the feasibility or equitability of partition in kind. For example, Defendant argues that the Property cannot be equitably divided because there is only one well on the Property. However, she does not provide evidence that a well could not also be drilled on her subdivided parcel, or that the value of the well and other structures on the Property could not be accounted for during the subdivision process. *Cf. Sting v. Beckham*, 94 Cal. App. 2d 823, 823–25 (1949) (upholding decision of trial court to partition property by sale when plaintiff presented evidence that the major value of the land consisted of a water well and that without the well the land had little value). She also does not provide evidence that physical division is precluded by, for example, zoning restrictions. Thus, there is no evidence that the land cannot be equitably subdivided.

Defendant also fails to provide expert testimony as to the Property's value and how that value would be diminished if the Property were subdivided rather than sold. Defendant's expert testifies only that the Ashworth Report is flawed. (*See* Harding Decl. ¶¶ 2–7.) However, the Court is not bound, at this stage, to adopt Ashworth's valuation of the Property or his proposal that Defendant receive only 40 acres of the Property during subdivision. Those issues remain to be determined during the partition process.

In short, Defendant does not provide evidence that subdivision of the Property is impracticable, or that division of the Property would decrease the subdivided

parcels' value.  Thus, Defendant has not rebutted the presumption under California law in favor of partition in kind.

Finally, the Court notes that the Parties did not address partition by appraisal in their papers.  If the Parties wish to pursue partition by appraisal, they must agree on that manner of partition in writing and file that agreement with the Clerk of Court.  Code. Civ. P. §§ 873.910, 873.920.  Following this interlocutory order, the Parties may agree to partition by appraisal and apply to the Court for approval of the agreement.  *Id.* § 873.930(a).  If the Court finds the agreement complies with section 873.920 and that the terms and conditions are equitable, it will approve the agreement and stay any pending division of the Property.  *Id.* § 873.930(b).

### III.  Appointment of a Partition Referee

Once a court deems partition appropriate, it "shall appoint a referee to divide or sell the property as ordered by the court."  Code Civ. P. § 873.010; *see also id.* § 873.020.  The Court will appoint a referee who will be charged with planning and implementing the partition in kind.  The Parties previously submitted proposed partition referees in their briefings. (Opp'n at 17–21; Reply at 9.)  However, the Court is cognizant that nearly two years have passed since the Parties filed those briefings, and the Parties' preferences, as well as the referees' availability, may have changed in that time.  Therefore, the Parties are directed to meet and confer within seven days of this Order and to submit the name of a disinterested person or persons to whose appointment as referee all Parties have consented within fourteen days thereafter.  *See* Code Civ. P. § 873.040.  Should the Parties be unable to agree on a referee, Plaintiffs and Defendant may each nominate two potential referees for appointment.  The Parties will have one week from the date of that submission to raise any specific objections to the opposing Party's nominees.  The Court will thereafter hold a hearing to appoint a referee to plan and effect the partition in kind.

////

////

### IV. The Court will Permit Defendant's Counsel to Withdraw

An attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court. E.D. Cal. R. 182(d). "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." *Id*. Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

Here, Defendant's counsel, Scott Talkov and Adeeb Djawad of Talkov Law Corp., seek to withdraw from their representation of Defendant because their attorney-client relationship has become strained, and communication with Defendant has been difficult. (ECF No. 86.) The Court finds this good cause to permit counsel's withdrawal. *See* Cal. R. Prof'l Conduct 1.16(b)(4) (an attorney may withdraw from representing a client if the client "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively").

Accordingly, the Court will grant counsel's request and permit the Talkov Law Corp. to withdraw as counsel for Defendant. Such withdrawal will be effective fourteen days after entry of this order.

## CONCLUSION

In accordance with the above, it is hereby ORDERED that:

1. Plaintiffs' Motion for Summary Judgment (ECF No. 65) is GRANTED;
2. Defendant's Counter-Motion (ECF No. 69) is DENIED;
3. The Property, commonly known as the Digitale Ranch, located on French Bar Road in Amador County, CA, with Assessor's Parcel Number 044-310-023-000, shall be partitioned in kind and divided between Plaintiffs

and Defendant in proportion to Plaintiffs' 75% interest and Defendant's 25% interest in the Property;

4. The Parties shall meet and confer within seven (7) days of this Order, and shall submit the name of a disinterested person or persons to whose appointment as referee all Parties have consented within fourteen (14) days thereafter.  If the Parties are unable to agree on a referee, Plaintiffs and Defendant may each nominate two potential referees for appointment.  The Parties will have seven (7) days from the date of that submission to raise any specific objections to the opposing Party's nominees.  The Court will thereafter hold a hearing to appoint a referee;

5. Talkov Law Corp.'s Motion to Withdraw as Counsel (ECF No. 86) is GRANTED.  Counsel shall serve a copy of this order forthwith and shall thereafter file a certificate of service attesting that such service was completed.  Fourteen days after service is completed, Talkov Law Corp.'s responsibility to represent Lynley Ford will be terminated; and

6. Within thirty (30) days of service of this order, Defendant shall retain new counsel and new counsel shall file a notice of appearance in this case consistent with E.D. Cal. L.R. 182(a).  Failure to do so will result in this action being referred to the assigned Magistrate Judge for all further proceedings, including dispositive and non-dispositive motions and matters.  *See* E.D. Cal. L.R. 302(c)(21).

IT IS SO ORDERED.

Dated:   November 22, 2024

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE