UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE JOHN PLASSE, III, *et al.*,

      Plaintiffs,

      v.

LYNLEY FORD,

      Defendant.

Case No.  2:17-cv-1136-DJC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiffs Maurice John Plasse, III, Jeannie Lynn Plasse, and defendant Lynley Ford were tenants in common, owning 75% and 25%, respectively, of a parcel of land commonly known as the Digitale Ranch and located on French Bar Road in Amador County, CA, with Assessor's Parcel Number 044-310-023-000 ("Property").[1] Plaintiffs filed a first amended complaint seeking to quiet title to the property and to cancel certain contracts encumbering the property that were entered into by defendant. ECF No. 7. Defendant filed a counterclaim seeking to partition the property. ECF No. 9. Both parties moved for summary judgment on partitioning the property. ECF Nos. 65 & 69. The court granted plaintiffs' motion and ordered (1) that the property be partitioned in kind and (2) that the undersigned appoint a referee. ECF No. 91. The

---

[1] The Property is approximately 537.97 acres and is divided into five legal parcels with Assessor's Parcel Numbers 044-310-031-000, 044-310-032-000, 044-310-033-000, 044-031-034-000, and 044-310-035-000. ECF No. 74 ¶¶ 2-3; ECF No. 64 at 1

1

court appointed Sara Lockhart as the referee pursuant to California Code of Civil Procedure 873.010, ECF No. 104, and she filed her referee's report on March 31, 2026, ECF No. 105.

Pending before the court plaintiffs' unopposed motion to confirm Lockhart's referee report. ECF No. 106. For the reasons stated herein, I recommend that the referee's report be confirmed, and the final judgment of partition be entered.

### Motion to Confirm the Referee's Report

In an action for partition, the trial court must determine the respective interests of the co-owners, whether the plaintiff has the right to partition, and the manner of partition. Cal. Civ. Pro. Code §§ 873.210, 873.510, 873.910. "If the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition." *Id.* § 872.720.

After the interlocutory judgment, the court appoints a referee who "shall divide the property and allot the several portions to the parties, quality and quantity relatively considered, according to their interests in the property as determined in the interlocutory judgment." *Id.* § 873.210. Upon completion of the proposed division, the referee files a report describing his or her division and allotment of shares to each party. *Id.* § 873.280. The report shall contain:

> (1) A specification of the manner in which the referee has executed the referee's trust.
>
> (2) A description of the property divided and of the share allotted to each party, along with any recommendation as to owelty.
>
> (3) Any recommendation as to opening and closing public and private ways, roads, streets, and easements.

*Id.*

After reviewing the report, the trial court can either confirm the report and enter a "judgment of partition" or set aside the report and order a new one. *Id.* § 873.290(b). The division of the property "is effective and title vests in accordance therewith upon entry of judgment of partition." *Id.* § 873.290(c).

2

Here, the court found that the Property "shall be partitioned in kind and divided between Plaintiffs and Defendant in proportion to Plaintiffs' 75% interest and Defendant's 25% interest in the Property." ECF No. 91 at 9-10. After holding a hearing on the appointment of a referee, the court appointed Sara Lockhart as referee pursuant to California Code of Civil Procedure section 873.010. ECF No. 104 at 1. Lockhart filed her report describing the division and allotment of share to each party on March 31, 2026. ECF No. 105. The report is consistent with the requirements of California Code of Civil Procedure section 873.280. Accordingly, undersigned recommends that the referee's report be confirmed and the Clerk of Court enter a judgment of partition consistent with the referee's report.

Accordingly, it is hereby ORDERED that the parties file a status report concerning any remaining claims within fourteen days of this order's issuance.

Further, it is hereby RECOMMENDED that:

1. Plaintiffs' motion to confirm the referee's report, ECF No. 106, be GRANTED; and

2. The Clerk of Court enter a judgment of partition consistent with the referee's report.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 16, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3