UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHN PLASSE, III, *et al.*,<br>Plaintiffs,<br>v.<br>LYNLEY FORD,<br>Defendant. | Case No. 2:17-cv-1136-DJC-JDP (PS)<br><br>ORDER |

Pending before the Court is Plaintiffs' request to voluntarily dismiss the balance of their claims in the first amended complaint "without prejudice in connection with a final judgment of partition in this case." ECF No. 111. However, pursuant to Federal Rule of Civil Procedure 41, Plaintiffs cannot unilaterally dismiss this action because Defendant has filed an answer.[1] Accordingly, on September 3, 2026, the Magistrate Judge ordered Defendant to file and serve, within seven days, a document stipulating to dismissal of this action pursuant to Rule 41(a)(1)(A)(ii), or otherwise respond to Plaintiffs' request for dismissal and entry of judgment. ECF No. 112. Defendant has not responded to the September 3, 2026 order. Accordingly, the Court now considers whether dismissal is appropriate pursuant to Rule 41(a)(2).

[1] The Court dismissed Defendant's singular counter claim on November 25, 2024. ECF No. 91.

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

Unless otherwise ordered by the court, dismissal under Rule 41(a)(2) "is without prejudice." Fed. R. Civ. Pro. 41(a)(2). Motions for voluntary dismissal under Rule 41(a)(2) should be liberally granted if it will not result in legal prejudice to the defendants. *Stevedoring Serv. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir. 1991). The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's discretion and "will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Court finds that dismissal without prejudice is appropriate here. Plaintiffs seek dismissal because, after approximately nine years of litigation, the crux of this case – whether the property should be partitioned – has been adjudicated by the Court. ECF No. 111. The balance of Plaintiffs' claims are ancillary, and Plaintiffs do not wish to continue litigation at this point. With respect to Defendant, she was provided with an opportunity to stipulate or otherwise respond to Plaintiffs' request for dismissal, and she has not filed anything on the docket. Accordingly, the Court finds that Defendant would suffer little to no prejudice from the requested dismissal.

////

////

////

////

Accordingly, it is hereby ORDERED that:

1. This action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).
2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE